Barry B. HOLTZER, Plaintiff–Respondent,

v.

Allan LEVING and Lawrence Kaplan, Defendants–Appellants.

No. ED 80424.

Missouri Court of Appeals, Eastern District, Division Four.

July 9, 2002.

Rehearing Denied Aug. 22, 2002.

Joshua M. Avigad, St. Louis, MO, for appellants.

Edward Goldenhersh, Lizabeth M. Conran, St. Louis, MO, for respondent.

Before SHERRI B. SULLIVAN, P.J., LAWRENCE G. CRAHAN and LAWRENCE E. MOONEY, JJ.

## ORDER

### PER CURIAM.

Defendants Leving and Kaplan appeal the trial court's entry of summary judgment in favor of plaintiff Holtzer in this action to recover amounts due under two promissory notes. The defendants contend the trial court disregarded genuine issues of material fact concerning their various affirmative defenses. The defendants also contend the attorneys' fees awarded to the plaintiff by the trial court were unreasonable. We find that the plaintiff has established that there is no genuine dispute as to the elements of his claim. The defendants' allegation of failure to state a claim is but a bare legal conclusion, and as such, the plaintiff was not required to negate the allegation as a prerequisite to summary judgment. Further, the plaintiff established that the affirmative defense of failure of consideration fails as a matter of law. We further find that the defendants' affirmative defenses of fraud, commercial frustration, and mutual mistake were not properly raised, and the plaintiff did not have the burden to show that the defenses failed as a matter of law. Finally, we find that the defendants have failed to show that the trial court's award of attorneys' fees was a clear or manifest abuse of discretion. The plaintiff's request for additional attorneys' fees with respect to this appeal is denied.

We have reviewed the parties' briefs and the record on appeal. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, the parties have been furnished with a memorandum, for their information only, setting forth the reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).